[No. 23617. Department Two. March 26, 1932.]

CARL W. BLADE, *Appellant*, v. THE TOWN OF LA CONNER, *Respondent*.[1]

*Shorts & Denney,* for appellant.

*Preston, Thorgrimson & Turner,* for respondent.

[1]Reported in 9 P. (2d) 381.

BEALS, J.—Plaintiff, a resident and taxpayer of the town of La Conner, instituted this action for the purpose of obtaining a decree enjoining the town from carrying out, in whole or in part, a plan or system ordinance adopted by the town providing for the acquisition of a plant supplying the town with water and the making of extensions thereto, the improvement to be paid for by fifteen thousand dollars in general bonds of the town and thirty thousand dollars in bonds payable from the revenues to be earned by the utility.

In his complaint, plaintiff set forth by appropriate allegations the facts which he contends entitle him to the relief for which he prayed. By its answer, defendant admitted the material allegations of plaintiff's complaint, and pleaded an affirmative defense, the truth of the allegations of which plaintiff admitted by failing to reply thereto. Each party moved for judgment on the pleadings, and the trial court denied plaintiff's motion and granted that of defendant. Pursuant to this ruling, judgment was entered dismissing the action, from which judgment plaintiff appeals.

Appellant contends that the trial court erred in denying his motion for judgment on the pleadings, and in dismissing the action.

A copy of ordinance No. 232 of the town of La Conner, providing for the acquisition, construction and maintenance of a town water system, is before us as an exhibit to appellant's complaint. Appellant makes no attack upon the legality of the steps taken in enacting this ordinance, nor does he contend that there was any irregularity in the town election held pursuant thereto, at which the electors voted to adopt the proposition submitted to them. Neither does appellant attack the regularity of the proceedings leading up to the adoption of the confirmatory ordinance enacted for the pur-

pose of carrying into effect the mandate of the voters. The sole question presented is the legality of the plan or system as adopted by the legislative body of the town and the electors thereof.

It appears from appellant's complaint that ordinance No. 232 provided for the acquisition by the town of an existing system of waterworks (which will be referred to as the Kolb system), and for the installation of a pipe line connecting the reservoir pertaining to this plant with the water main then being constructed by the city of Anacortes, whereby that municipality was proposing to bring water from the Skagit river for distribution to its inhabitants.

An agreement between the city of Anacortes, a city of the third class, and the town of La Conner, providing for the sale by the city to the town of not less than 40,000 gallons of water per day (the maximum quantity to be taken being fixed at 300,000 gallons) for a period of twenty years, is attached to appellant's complaint and identified by appropriate allegations therein contained; it being admitted that the contract was entered into between the two municipalities, but appellant contending that the same is illegal, ultra vires and void. The amount of water consumed by the town varies between 40,000 and 60,000 gallons per day, of which the Kolb system furnishes only 16,000 gallons, the necessity of a further supply being manifest.

In its answer, respondent alleged that the city of Anacortes had completed the installation of a system by which it drew from the Skagit river a supply of water far in excess of its needs, and that the cost to respondent of the water which it had contracted to purchase from the city of Anacortes was far less than the expense of procuring water elsewhere.

Appellant contends that, in adopting the plan or system above referred to, and in contracting with the city

of Anacortes for the purchase of water, respondent has exceeded its power; that the contract between the municipalities is illegal and void; and that respondent should be enjoined from proceeding further in carrying out the program, and from issuing and selling its bonds, as called for by the ordinance.

By Rem. Comp. Stat., § 9488, any incorporated city or town is authorized to construct, etc., waterworks, within or without its limits,

"  . . . for the purpose of furnishing such city or town and the inhabitants thereof, and any other persons, with an ample supply of water for all uses and purposes, public and private . . ."

Appellant argues that, under this section, respondent may purchase only a system which will furnish an ample supply of water, and that the Kolb system, being manifestly inadequate to furnish respondent with anything like an ample supply of water, cannot, under the statutory authority, be purchased by respondent.

Appellant also argues that the plan provided for supplementing the Kolb plant, and adopted as part of the system, to-wit, the construction of a pipe line tapping the Anacortes main and connecting the same with the Kolb reservoir, is not authorized by law, is wholly without the corporate power of respondent town, and is illegal. Appellant contends that the two municipalities could not join in the construction of a pipe line for the purpose of supplying both the city and the town with water (citing *Dole v. Aberdeen*, 131 Wash. 516, 230 Pac. 401), and that the contract above referred to between the town and the city is therefore ultra vires.

Anacortes is a city of the third class, and under the statute, Rem. Comp. Stat., § 9129, has authority to acquire a system of municipal waterworks and "to dispose of any excess of any such supply to any person

within or without such city." In the case of *Dole v. Aberdeen, supra,* it was held that the city could not submit to its electors, as a single proposition, a proposition calling for the issuance of municipal bonds for the acquisition of waterworks and an electric power plant, from which latter should be furnished electric energy.

The case cited is not here controlling, as the two municipalities are not proposing to join in the construction of an improvement, nor does the improvement consist of two separate systems. It is manifest that one pipe line is cheaper than two, and that much money can be saved by such a plan as is here presented. Such a plan should not be held ultra vires unless the law clearly requires such a decision.

It is well settled that a court of equity will not review the action of the legislative authority of a municipality as to such matters as rest within its discretion, unless fraud or bad faith are shown, or unless the action taken is clearly ultra vires.

"This discretion, where it is conferred or exists, cannot be judicially interfered with or questioned except where the power is exceeded or fraud is imputed and shown, or there is a manifest invasion of private rights. Thus, where the law or charter confers upon the *city council, or local legislature, power to determine upon the expediency or necessity of measures relating to the local government,* their judgment upon matters thus committed to them, while acting within the scope of their authority, cannot be controlled by the courts. In such case the decision of the proper corporate body is, in the absence of fraud, final and conclusive, unless they transcend their powers." 1 Dillon on Municipal Corporations (5th Ed.), p. 457-8.

In adopting the plan or system now under investigation, the town was exercising its legislative power. Such legislative action will be reviewed by the courts

only in rare instances. *Ewing v. Seattle*, 55 Wash. 229, 104 Pac. 259; *Ferry v. Seattle*, 116 Wash. 648, 200 Pac. 336, 203 Pac. 40; *Clise v. Seattle*, 153 Wash. 661, 280 Pac. 80. In this connection, the cases of *Nelson v. Town of Kearny*, 132 Atl. (N. J.) 299, and *Reed v. City of Anoka*, 85 Minn. 294, 88 N. W. 981, are in point.

Under Rem. Comp. Stat., § 9488, *supra*, respondent, in acquiring the Kolb plant as a part of its proposed water system, was not violating the law, even though that plant alone was incapable of furnishing an ample supply of water for the town's use.

We are satisfied that, under the pleadings, it must be held that the contract between respondent and the city of Anacortes is not obnoxious to the objections urged by appellant. It must be taken as an admitted fact that the amount of water which the city of Anacortes undertakes to sell to respondent is, from the standpoint of the city, surplus, and that the city will have, over and above this amount, an ample supply for its own inhabitants. It is to be presumed that public officers act within the limits of their authority and in good faith, and the burden of impeaching their action rests upon the attacking party.

We conclude that, upon the record before us, the trial court correctly ruled in respondent's favor. In the cases of *Farwell v. Seattle*, 43 Wash. 141, 86 Pac. 217; *Spear v. Bremerton*, 90 Wash. 507, 156 Pac. 825; and *Municipal League of Bremerton v. Tacoma*, 166 Wash. 82, 6 P. (2d) 587, we find nothing which militates against such a ruling.

The judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.