[No. 26611.   Department One.   September 27, 1937.]

GEORGE W. CAMP, *Respondent and Cross-appellant,* v. I. T. PETERSON, *Appellant,* FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Respondent.*[1]

[1]Reported in 71 P. (2d) 1074.

*F. Leo Grinstead* and *John T. Raftis,* for appellant.

*Edward M. Connelly, Michael J. Kerley,* and *Osee W. Noble,* for respondent and cross-appellant.

*Williams & Redfield,* for respondent.

BLAKE, J.—This is an action for malicious prosecution. By information filed by the prosecuting attorney of Stevens county, the plaintiff was charged with the crime of grand larceny, in that, on or about October 24, 1933, he,

". . . being an employee of Stevens county, and as such having in his possession, custody or control, certain property belonging to the said county of Stevens, to-wit: 5 Fresnos, 4 wheel scrapers, time books and payrolls, and a quantity of tools, equipment and dynamite, did withhold the same and still continues to withhold the same from the use of the said Stevens county, the true owner or person entitled to the possession thereof, the said property then and there being of the value of more than $25.00."

A warrant for his arrest was issued on the information, and plaintiff was taken into custody. On December 23, 1933, the superior court entered an order dismissing the information on motion of the prosecuting attorney, supported by his affidavit, averring "that the evidence that can be adduced . . . is insufficient to secure a conviction."

The plaintiff instituted this action against defendant I. T. Peterson and wife, alleging that Peterson was county commissioner of Stevens county, and as such maliciously instigated the prosecution. Later, an amended complaint was filed, joining as defendant Fidelity & Deposit Company of Maryland, the surety on Peterson's official bond.

Mrs. Peterson interposed a demurrer to the complaint, which was sustained. The cause went to trial before a jury, which returned a verdict in favor of the

plaintiff against both Peterson and his surety. The latter interposed a motion for judgment notwithstanding the verdict, which was granted. Judgment of dismissal was entered as to the surety, and judgment against Peterson on the verdict. The latter appeals, and the plaintiff cross-appeals. It will be unnecessary to notice the questions raised on the cross-appeal, since, as we view the evidence, no case was made out against Peterson.

As has been said, Peterson was county commissioner. Construction work had been commenced in July or August, 1933, upon a farm-to-market road in his district. He employed Camp as foreman of the work. Camp continued in that capacity until October 23rd, when he was discharged. On October 24th, Peterson went out on the work to take over the equipment and tools. Camp refused to give them up. He assigns one reason for the refusal, and Peterson another. Since Camp admits the refusal, the reason for it is immaterial.

Peterson consulted the prosecuting attorney, and the information was filed and warrant issued. A deputy sheriff went to the place where the construction work was in progress, served the warrant, and took Camp into custody, at the same time making a check of the equipment and tools on the job. Peterson was present at the time.

The prosecuting attorney, a day or two before dismissing the information, told Camp that "he had been misinformed." The prosecuting attorney having died prior to the trial of this case, Camp was permitted to testify to the statement, on the theory that it was a verbal act explaining the prosecutor's action in moving for a dismissal of the information.

Although the record is silent as to who "misinformed" the prosecutor, it is plaintiff's position that

the evidence relating to the controversy over the equipment and tools, Peterson's admission that he consulted the prosecutor, and his presence at the time of plaintiff's arrest, warrant a legitimate inference that Peterson was the person who misinformed the prosecutor. In view of the presumption that public officers perform their duty (Mechem on Public Officers, § 579; *Kimball v. School District No. 122,* 23 Wash. 520, 63 Pac. 213; *School District No. 88 v. Morgan,* 147 Wash. 321, 266 Pac. 150), we do not think that the inference is legally sufficient to justify a verdict against Peterson on the theory that he maliciously instigated the prosecution.

The prosecuting attorney is by law the legal adviser of county officials. Peterson, as county commissioner, was charged with the duty of conserving county property. When Camp refused to relinquish county property, it was Peterson's duty to recover it. He not only had the right, but it was his plain duty, to report the situation to the prosecuting attorney and seek his advice. What course the prosecutor might take to recover the property, was no concern of Peterson. It was no part of his official duty to advise or instigate a prosecution for larceny, and it is not to be inferred from the evidence in this record that he did more than his duty of laying the facts before the prosecutor.

As a matter of fact, Peterson, called by plaintiff as an adverse witness, testified that he informed the prosecutor of the controversy with Camp, and suggested that "we replevin these tools;" that the prosecutor said, "I am going to swear out a warrant for him, and file an information for grand larceny;" that he (Peterson) said to the prosecutor, "He is doing it open and aboveboard—I don't think you can file an information against him;" that the prosecutor replied,

638

"Knowing the man as I know him, and knowing how he is performing, before I get through with him I think I can convict him of grand larceny."

Of course, the plaintiff was not bound by this testimony. But it is all there is in the record to show what transpired between Peterson and the prosecutor. Eliminating it, all there is left is the inference which plaintiff seeks to have us draw, that Peterson did, in fact, misinform the prosecutor and maliciously instigate the prosecution. This, as we have said, the evidence is insufficient to warrant.

The judgment is reversed, and the cause is remanded, with directions to dismiss the action.

STEINERT, C. J., HOLCOMB, MILLARD, and GERAGHTY, JJ., concur.

[1]Reported in 71 P. (2d) 1000.