FROHNAPEL v. FROHNAPEL.

1. DIVORCE—ALIMONY—PROPERTY SETTLEMENT—LUMP-SUM AWARD
—CONTEMPT.
Divorce decree may join award for alimony with award in lieu
of dower, but if so awarded in lump sum, contempt for non-
payment thereof may not be adjudged.

2. SAME — SETTLEMENT AGREEMENT — ALIMONY — CONTEMPT —
COURT RULES.
Where property settlement agreement, incorporated in decree of
divorce, provided for payment of a certain sum per month to
wife in equal semimonthly payments and husband failed to
make such payments, trial court was not in error in failing to
find husband guilty of contempt for nonpayment of alimony
where decree which complied with court rule awarded no ali-
mony, permanent or temporary, to the wife (Court Rule No. 51
[1933, as amended in 1938]).

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted April 12, 1944. (Docket No. 12, Calendar
No. 42,613.) Decided June 30, 1944.

Divorce proceedings by Alvah V. Frohnapel
against Caroline K. Frohnapel. On order to show
cause why plaintiff should not be punished for con-
tempt of court. Order dismissed. Defendant ap-
peals. Affirmed.

*Hull, Brown & Fischer,* for plaintiff.

*G. Leslie Field,* for defendant.

SHARPE, J. The parties to this appeal were formerly husband and wife. They were divorced August 28, 1941. About a month prior to the granting of the divorce, they entered into a property settlement whereby the husband assigned certain personal property to the wife, transferred the home to her subject to a mortgage, and assigned to her his interest in a $1,500 life insurance policy; and both parties agreed to the disposition of a summer cottage held by them as tenants by the entireties. The agreement also provided:

"6—It is agreed that until either the husband or the wife dies (and if the said husband and wife are hereafter divorced and the wife thereafter marries again, then until her remarriage) the husband will pay the wife the sum of $85 a month in equal semimonthly instalments of $42.50 each on the 1st and 16th of each month.     *     *     *

"9—The wife agrees that in the event the parties hereto are hereafter divorced, she will accept and does hereby, in such event, accept the above-described property and the terms hereof as a complete property settlement and for permanent and temporary alimony, attorney fees and other expenses in any divorce proceeding; and in lieu of her dower in the husband's property and in full satisfaction of all claims whatsoever which she may have in any property which the husband now or may hereafter own or in which he may now or hereafter have any interest. As further consideration for said property and for the making of this agreement by the husband, the wife hereby releases and forever discharges the husband from any and all further obligation or liability for her support, temporary and permanent alimony, dower, attorney fees and other expenses in any divorce proceeding, and from

any and all claims, rights and duties whatsoever by reason of or arising out of the marital relation between the said parties.''

The divorce decree provided:

### ''PROPERTY SETTLEMENT

''It is further ordered, adjudged and decreed that the said agreement, copy of which is hereto attached, be and it hereby is approved and confirmed as a complete property settlement between the parties hereto, and that such settlement shall be in lieu of the defendant's dower in the plaintiff's lands and shall be in full satisfaction of all claims which the defendant may have in any property which the defendant owns or may hereafter own, or in which he has or may hereafter have any interest.

### ''ALIMONY

''And it is further ordered, adjudged and decreed, in view of the said property settlement made between the parties, that the defendant have from the plaintiff no alimony, permanent or temporary.''

Sometime after the parties were divorced, the husband remarried, but continued to make payments of $85 per month for approximately two years. Later Alvah V. Frohnapel failed to make the required payments in accordance with the agreement and Caroline K. Frohnapel filed a petition to have Alvah V. Frohnapel adjudged in contempt of court for failure to pay alimony. An order to show cause was issued and Alvah V. Frohnapel filed an answer in which he contended that the divorce decree did not provide for permanent alimony.

The cause was heard by the trial court who found that neither the decree nor the property settlement provided for alimony; and he dismissed the order to show cause. Caroline K. Frohnapel appeals and

urges that paragraph 6 of the agreement provides for alimony; and that the agreement requires the husband to make semimonthly payments of a specified sum of money to the wife for a period terminable only by death or remarriage of the wife.

In *Harner* v. *Harner*, 255 Mich. 515, we held that a divorce decree may join an award for alimony with an award in lieu of dower, but if so awarded in a lump sum contempt for nonpayment thereof may not be adjudged.

It is to be noted that the decree provided, "the wife hereby releases and forever discharges the husband from any and all further obligation or liability for her support, temporary and permanent alimony, dower    *    *    *    and from any and all claims, rights and duties whatsoever by reason of or arising out of the marital relation between the said parties." Moreover, the decree provided:

## "ALIMONY

"And it is further ordered, adjudged and decreed, in view of the said property settlement made between the parties, that the defendant have from the plaintiff no alimony, permanent or temporary."

The decree conforms to Court Rule No. 51 (1933, as amended in 1938). The provision for payment of $85 a month is a part of the property settlement and is in lieu of dower. It follows that contempt proceedings will not lie for its enforcement.

The order of the trial court is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.