POLMANTEER v. POLMANTEER.

1. APPEAL AND ERROR—BRIEFS—STATEMENT OF QUESTIONS INVOLVED.
  In the absence of a statement of questions involved in appel-
  lant's brief, Supreme Court has to ascertain relief sought
  from argument in the brief (Court Rule No. 67 [1945]).

2. DIVORCE—EVIDENCE—WITNESSES.
  Decision in a divorce case depends on the facts adduced and
  proved, not merely on the number of witnesses sworn.

3. SAME—EXTREME CRUELTY—EVIDENCE.
  In husband's suit for divorce, evidence which showed wife neg-
  lected the household duties and children, consorted with other
  men drinking intoxicants, took rides with men unknown to
  plaintiff and came home mornings intoxicated *held*, to justify
  decree for plaintiff on ground of extreme and repeated
  cruelty and to excuse his conduct toward defendant.

4. SAME—DIVISION OF PROPERTY—ALIMONY—ATTORNEY FEES.
  Award of $1,000 cash and $200 attorney fee to defendant wife
  in suit for divorce in full settlement of all her alimony and
  property rights and in lieu of dower, construed as a property
  settlement and denial of alimony, is not disturbed where plain-
  tiff already owned a large part of the property at time of
  marriage to defendant, each had been married before, marriage
  lasted only about four years, and she was not burdened with
  the care of the children.

5. SAME—ALIMONY—FORM OF DECREE.
  In a suit for divorce if an award in full and absolute settlement
  of all of wife's alimony and property rights and in lieu of

her dower is to be considered as alimony, it should be entered in a separate paragraph of the decree as required by court rule (Court Rule No. 51, § 5 [1945]).

6. SAME—AWARD OF CUSTODY OF CHILDREN TO THIRD PARTIES—STATUTES.

The court in which a suit for divorce is pending has power to order that minor children of the parties be placed in the custody of third parties and be maintained by their father (Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939).

7. SAME—CUSTODY OF CHILDREN—VISITATION—JURISDICTION.

Award of custody of the two children to parties in divorce suit to husband's brother and his wife, with right of visitation at stated times and temporary custody on alternate weekends under certain restrictions with retention of jurisdiction to determine future custody, *held*, proper where wife was found not to have been a proper person to have their custody (3 Comp. Laws 1929, § 12739).

8. SAME—CUSTODY OF CHILDREN IN THIRD PARTIES—JURISDICTION.

Decree of divorce awarding custody of the two children to plaintiff husband's brother and wife with reservation of jurisdiction for future determination is not a final decree that plaintiff was not a fit person to have custody (3 Comp. Laws 1929, § 12739).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 5, 1945. (Docket No. 45, Calendar No. 42,889.) Decided May 14, 1945.

Bill by Orcie Polmanteer against Katherine L. Polmanteer for a divorce because of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce because of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Plaintiff cross-appeals. Affirmed.

*Paul M. Tedrow,* for plaintiff.

*R. G. Goembel,* for defendant.

BOYLES, J.  Plaintiff was granted a decree of divorce in the circuit court for Kalamazoo county

after contest and after the court had dismissed defendant's cross bill. Defendant appeals and plaintiff cross-appeals.

### Defendant's appeal.

In the absence of any statement in appellant's brief of the questions involved (Court Rule No. 67 [1945]), we are compelled to turn to the argument therein to ascertain what relief is sought by appellant in this court.

1. The defendant claims that the decree should have been granted to her on her cross bill, or that in any event the plaintiff should not have the decree, because of the showing of misconduct on his part. As to the proofs, the case was heard in open court; 6 witnesses testified for plaintiff and 20 witnesses for the defendant. Decision depends on the facts adduced and proved, not merely on the number of witnesses sworn. The testimony covers nearly 300 pages of the printed record, mostly in narrative form. We have reviewed the same to reach a decision *de novo*.

The parties were married in April, 1939, ceased living together as husband and wife less than four years later, but continued to live under the same roof until shortly before the hearing of their case in December, 1943. It was the plaintiff's third marriage, and the second for the defendant. At the time of the marriage the defendant was the mother of an illegitimate child, six years of age at the time of the hearing, who was adopted by the parties a short time after the marriage, through the probate court. Another child, William Theodore, now about five years old, was born of the parties during the marriage.

Plaintiff's testimony established that the defendant went to work at a night job against his protests,

that the children were left at home alone, that she frequently stayed away from home all night although not at her place of work, frequented bars, night clubs and beer "gardens," became intoxicated, consorted with other men drinking intoxicants and taking automobile rides with men unknown to plaintiff, came home mornings intoxicated, that her household duties and care of the children were neglected. The proofs amply support granting a decree of divorce to the plaintiff. There were occasions when plaintiff's conduct toward the defendant finds little justification in law although plainly justified and excused by the circumstances. A detailed recital of the proofs would add nothing of interest to the case. We have reviewed the record and find that allegations in plaintiff's bill of complaint as grounds for divorce have been established by the proofs, and plaintiff's conduct does not bar him from relief.

2. Were the awards of alimony and for property settlement inequitable? At the time of the marriage plaintiff owned an apartment house in Kalamazoo, later exchanged for a cottage at Crooked Lake and cash which was used to pay off the balance on a home now owned by the parties in Kalamazoo, worth around $5,000. The cottage is worth about $3,000 and plaintiff also owns a vacant lot worth $450. Plaintiff's only other property consists of household goods, most of which he had at the time of the marriage. The court awarded the property to plaintiff upon payment of $1,000 cash to the defendant. In view of the manner in which the property was acquired, the short period of the marriage, and the fact that the defendant is not granted the custody or burdened with the care of the children, we do not disturb the award.

No permanent alimony was awarded the defendant. The decree provides that the sum of $1,000 shall be "in full and absolute settlement of all of

defendant's alimony and property rights   *  *  ● (and) in lieu of her dower."

We construe the decree to be a property settlement and a denial of alimony. If considered as alimony, it should have been entered in separate paragraphs in the decree to conform to Court Rule No. 51, § 5 (1945). However, this question is not raised on appeal. .

3. The court retained jurisdiction as to the care, custody and control of the two minor children, and held final decision in abeyance until further order . of the court. See 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97). The decree further provides:

"That said children shall forthwith be placed in the home of Malcolm Polmanteer and Zelma Polmanteer, under their supervision and control and there to be maintained and supported by the plaintiff, Orcie Polmanteer, until the further order of this court."

The statute now authorizes such provision. Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12739–1, Stat. Ann. 1944 Cum. Supp. § 25.97 [1]). See, also, *Riede. v. Riede,* 300 Mich. 300.

Malcolm Polmanteer is a brother of the plaintiff, and Zelma Polmanteer is his wife. No question is raised as to their fitness or ability to have the temporary custody of the children and they are willing to take the children into their home in Kalamazoo. The court expressly found and decreed that the defendant was not a proper person to have the custody of the children. With that decision we concur. The decree further gives to each of the parties the right of visitation with the children at stated times and to have temporary custody on alternate week ends under certain restrictions. The court has juris- .

diction to determine future custody, and to change or modify the decree for that purpose. · 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97). We think the court exercised a proper judgment in disposing of the matter of custody.

### Cross appeal.

Plaintiff cross-appeals, claiming that the court was not justified in awarding the care and custody of the minor children to the third parties instead of to him. While there is testimony on which such a finding might be supported, the court has not decreed with finality that plaintiff was not a fit person to have the custody, but has reserved jurisdiction for future determination, with which provision we are in accord. We do not agree with cross-appellant's further claim that the award of $1,000 and an attorney fee of $200 to the defendant is excessive. A more serious question is raised on this appeal, whether the award of $1,000 property settlement is large enough. On the record before us, we are not convinced that the award should be changed.

The decree is affirmed, with costs of appeal.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.