### KYTE *v.* KYTE.

1. DIVORCE—DECREE—PROPERTY SETTLEMENT—ALIMONY.
   Provisions as to property settlement in a divorce decree should be placed under the heading of "property settlement" in such decree rather than under the heading "alimony" (Court Rule No 51, § 5 [1933, as amended in 1938]).

2. SAME—PROPERTY SETTLEMENT.
   The fact that certain provisions in a decree of divorce are preceded by the heading "property settlement" is rather persuasive of the character of such provisions so prefaced (Court Rule No 51, § 5 [1933, as amended in 1938]).

3. SAME—ALIMONY—ENFORCEMENT—MODIFICATION.
   Provision requiring husband to pay $75 monthly to wife until children's education was completed and $50 thereafter, placed under the heading "alimony" in decree of divorce indicated an intent to provide plaintiff wife with support commensurate with her needs rather than an attempt to compensate her for property interests then and there relinquished to husband, especially where they recited they were for her support and maintenance, were subject to enforcement by contempt proceedings and modification by the court.

---

REFERENCES FOR POINTS IN HEADNOTES
[3] 17 Am Jur, Divorce and Separation, §§ 643, 666.
[5] 17 Am Jur, Divorce and Separation, §§ 580, 581.

4. SAME—PROPERTY SETTLEMENT—OPTION OF CASH PAYMENT—LO-
CATION OF HOME.

Provision in decree of divorce under heading "property set-
tlement" that plaintiff was to have use of apartment in
premises on which the parties then held a five-year lease
and that thereafter defendant would furnish her with a
suitable home for her use and occupancy for the rest of
her life or, in lieu thereof, pay her $3,500 in consideration
for her release for her support and in discharge of dower
rights left the option of payment of $3,500 in defendant,
not plaintiff, but did not restrict her as to where her home
was to be located.

5. SAME—MODIFICATION OF DECREE—WIFE'S APPEAL—COSTS.

No costs are awarded upon affirmance of wife's appeal from
adverse ruling on husband's petition for modification of
decree.

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted April 15, 1949. (Docket No. 87, Calendar No.
44,415.) Decided June 6, 1949.

Divorce proceedings by Hazel A. Kyte against
Frank C. Kyte. On petition of plaintiff for modifi-
cation of decree. Decree modified. Plaintiff ap-
peals. Affirmed.

*J. Donald Murphy,* for plaintiff.

*John L. Leighton,* for defendant.

DETHMERS, J. On March 11, 1943, the parties,
then husband and wife but separated, executed an
agreement in which it was agreed that plaintiff
should have a cottage and lot owned by them and
convey to defendant all her rights in their other real
estate, and that defendant would pay plaintiff $75
per month until their children completed their
schooling, but for not to exceed 6 years, and there-
after $50 per month for the balance of her life, and
also the children's medical and clothing expenses

until they completed their education. It was further agreed that plaintiff should continue to have her apartment in premises on which the parties held a lease expiring in 1948 and that thereafter defendant would furnish her with a suitable home for her use and occupancy for the rest of her life or, in lieu thereof, pay her $3,500. The agreement recited that in consideration thereof plaintiff released defendant from all liability for her support and discharged and released her dower rights in any lands which defendant might then or thereafter own and that, if either should seek a divorce, the terms of the agreement should be incorporated into the decree.

In October, 1943, plaintiff filed suit for divorce and subsequently a decree of divorce was entered. Under the heading "alimony" the decree required defendant to pay to the friend of the court $75 monthly for the support and maintenance of plaintiff and 2 children until the latter completed their education, but for not to exceed 6 years, and thereafter $50 monthly. Under the heading "property settlement" the decree provided that "the property settlement heretofore entered into between the parties on the 11th day of March, 1943, is hereby ratified and confirmed and is made a part of this decree by reference thereto, and that the provisions therein made for the plaintiff by said defendant shall be in lieu of her dower." Shortly after the divorce plaintiff remarried and left the apartment and the city in which it is located.

Defendant filed a petition for modification of the decree as to alimony on the ground of change of circumstances and for construction of its property settlement provisions. The court entered a "modified decree" vacating the alimony provisions of the original decree and relieving defendant from making further monthly payments for plaintiff's support and maintenance, but in no wise altering or constru-

ing the provisions contained in the original decree under the heading of "property settlement." Plaintiff appeals.

It is plaintiff's contention that the provision for monthly payments which the original decree required defendant to make was not for alimony, but constituted a property settlement not subject to subsequent modification except for fraud. *Winter* v. *Winter,* 270 Mich 707; *McFarlane* v. *McFarlane,* 298 Mich 595. If it was a property settlement it should have been placed under that heading and not under the heading "alimony" in the decree. Michigan Court Rule No 51, § 5 (1933, as amended in 1938); *Ratcliffe* v. *Ratcliffe,* 308 Mich 488; *Frohnapel* v. *Frohnapel,* 309 Mich 215; *Polmanteer* v. *Polmanteer,* 311 Mich 282. In the latter 2 cases we appear to have held the heading "property settlement" to be rather persuasive of the character of the provisions prefaced thereby. Whether or not the heading is to be deemed conclusive of the question, it is manifest that the heading "alimony" prefacing the provisions for monthly payments by defendant in the instant case is no misnomer. A fairly equal division of property had been made between the parties. The fact that the monthly payments of $75 were to decrease to $50 when the children had completed their education indicates an intent to provide plaintiff with support commensurate with her needs rather than an attempt to compensate her for property interests then and there relinquished to defendant. The decree does not recite that such payments shall be in lieu of dower, but rather that they are for support and maintenance of plaintiff and children. The advantage to plaintiff of decreeing such payments as alimony rather than as property settlement was the availability of contempt proceedings for the enforcement thereof. The recital in the decree, under the heading "property settlement," that the provisions in the

agreement, which are incorporated into the decree under that heading, "shall be in lieu of her dower" clearly refers to the other provisions made for plaintiff in the agreement and not to the provision in the decree for monthly payments for support and maintenance of plaintiff and children prefaced by the heading "alimony." We hold the provision for the monthly payments to have been for alimony, subject to modification by the court.

Plaintiff also urges that the court in its "modified decree" should have construed the provision of the original decree that defendant would furnish plaintiff with a suitable home for her use or in lieu thereof pay her $3,500 to mean that plaintiff has the option of electing whether to take the use of such home or the money. We do not so read the provision. The plain meaning of the language is that the option rests with defendant. The fact that plaintiff has removed to another community, however, does not relieve defendant of the duty to furnish a home for plaintiff's use inasmuch as the decree does not specify where such home is to be located. We do not believe it to have been the meaning of the decree to restrict plaintiff to residence in the city where she was residing at the time of decree. We think that a fair reading of the provision requires defendant to furnish plaintiff with a suitable home for her use in the community where she chooses to reside or, failing therein, to pay plaintiff $3,500.

Affirmed, without costs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, and BUTZEL, JJ., concurred.

CARR, J., did not sit.