[No. 32302.    Department One.    September 29, 1953.]

BARBEE MILL COMPANY, *Appellant*, v. THE STATE OF
WASHINGTON, *Respondent*.[1]

[1]Reported in 261 P. (2d) 418.

*W. B. Chandler* and *Jerome Williams*, for appellant.

*The Attorney General, Bernard G. Lonctot* and *E. P. Donnelly, Assistants,* for respondent.

MALLERY, J.—Our enabling act granted ninety thousand acres of land to the state of Washington for the support of agricultural colleges. The land was to be selected with the approval of the secretary of the interior in such a manner as the legislature would provide. The legislature implemented the enabling act by appropriate legislation, Laws of 1895, chapter 178, § 11, p. 531, as amended by Laws of 1897, chapter 89, § 10, p. 234 (Rem. Rev. Stat., § 7840), under the terms of which "Selection Lists" of land descriptions were to be prepared in triplicate. One copy was to be transmitted to the secretary of the interior, one to the local Federal land office, and one was to be filed in the office of the commissioner of public lands of the state of Washington.

The lands here in question were among those selected and entered on prepared sheets which were designated as "Selection List No. 3," which was made out in triplicate originals and forwarded to the North Yakima land office for approval.

On June 15, 1899, one original copy of "Selection List No. 3," exhibit A, was returned to the commissioner of public lands, bearing the certificate of the register and receiver of the North Yakima land office. It was filed in the records of the commissioner of public lands, and was found there at time of trial.

The certificate on exhibit A of the state's selection by the North Yakima land office, is as follows:

"We hereby certify that we have carefully examined the foregoing list of lands selected by the State of Washington under the provisions of the 16th Section of the Act of Congress approved February 22, 1889, in satisfaction of the grant to the State of Washington for Agriculture College and we

have tested the accuracy of said list by the plats and records of this office, and that we find the same to be correct; and we further certify that the filing of said list is allowed and approved and that the whole of said lands are surveyed public lands of the United States, no part of same being returned as mineral lands, nor is there any homestead, preemption or other valid claim to any portion of said lands on file or record in this office. . . . ."

The other two originals of exhibit A, the state's "Selection List No. 3," are lost. One should be in the North Yakima land office records, and one should be in the general land office records in Washington, D. C. That the North Yakima land office received its copy and lost it abundantly appears from its certificate quoted above. That the general land office had a copy appears in a copy of "Clear List No. 11" issued by the general land office confirming the title of the state of Washington in the lands selected under exhibit A, which is recorded and to be found in the office of the commissioner of public lands.

Notwithstanding the Federal conveyance to the state of Washington of the lands in question by the method approved by law, the Federal government, due, no doubt, to its having lost both original copies of "Selection List No. 3" and one copy of "Clear List No. 11," issued a patent to one William H. Rader on March 26, 1904. The land has always been unoccupied, but taxes were paid upon it until 1951.

This is an action by the plaintiff, Rader's successor in interest, to try title to the land. From a judgment for the state, the plaintiff appeals.

The appellant contends that the state did not establish its title because it failed to prove that the triplicate originals of "Selection List No. 3" were identical, two of them having been lost. We do not agree. In the absence of evidence to the contrary, public officers are presumed to have performed their duties regularly and legally in compliance with controlling statutory provisions. *Blade v. La Connor,* 167 Wash. 403, 9 P. (2d) 381; *Camp v. Peterson,* 191 Wash. 634, 71 P. (2d) 1074; 20 Am. Jur. 174, § 170; and 20 Am. Jur. 180, § 173. This rule supports the presumption that

the triplicate originals were identical. We are satisfied that the state of Washington has the legal title to the property in question.

This presents a situation in which the Federal government conveyed the land in question to the state of Washington, and subsequently wrongfully purported to convey the same land to the appellant's predecessor.

The appellant brought this action against the state, not the Federal government. It contends that the state had a duty to see to it that the Federal agents gave notice to the public of the state's title by a proper recording in its records. It contends that the state's failure to do so makes the Federal agents' negligence attributable to the state, with the result that appellant's title is superior to that of the state.

Appellant relies upon *Ritchie v. Griffiths*, 1 Wash. 429, 25 Pac. 341. That case involved recording statutes. At the time of the conveyance in question, appellant concedes that there was no recording statute in force which required the keeping of such tract or plat books in the Federal land office as would give notice to the public of such a conveyance.

The appellant contends, however, that, even in the absence of a recording statute, it was the custom and practice of the United States land department to keep selections of lands, such as were here made by the state of Washington, in plat books and tract books in the local land office, and that this custom has the force of a statutory enactment.

We have reviewed the record and find that the evidence is insufficient to meet the requirements necessary to establish the existence of such a custom. In *Washington Brick, Lime & Sewer Pipe Co. v. Anderson*, 176 Wash. 416, 29 P. (2d) 690, we said:

"It [custom] must be shown to be uniformly prevalent and universally observed, . . . the evidence to establish custom must be clear and convincing, free from ambiguity, uncertainty or variability. It must be positively established as a fact, and not left to be drawn as an inference from isolated transactions."

We, therefore, hold that the rule of the *Ritchie* case, *supra,* is not applicable to the instant case, and that the state did not have a duty to record its title to the land in question.

■ The appellant contends that since the enactment of the Laws of 1927, chapter 278, §§ 4, 5, p. 672 (Rem. Rev. Stat., §§ 10596-4, 10596-5 [*cf.* RCW 65.08.090, 65.08.100]), it has been permissible to record copies of conveyances with the auditor of the county in which the land is situated, and that prior thereto it was the custom to do so. Appellant contends that failure of the state to so record its title to the property in question renders it void as against the appellant.

We think the statute cited is permissive only, and is not, in any event, retroactive. 26 C. J. S. 313, § 73. We find that the record is devoid of any evidence as to the custom for which appellant contends. We, therefore, cannot agree with appellant's contention.

■ The appellant contends that the state had notice of the patent to appellant's predecessors in interest through a report made to it by a state timber cruiser, and is estopped to assert its title as against appellant, because it remained silent while the appellant's predecessors in interest paid taxes. In *Bennett v. Grays Harbor County,* 15 Wn. (2d) 331, 130 P. (2d) 1041, we said:

"The doctrine of equitable estoppel, or estoppel *in pais,* rests upon the principle that, where a person wrongfully or negligently by his acts or representations causes another who has a right to rely upon such acts or representations to change his condition, to his detriment or prejudice, the person performing such acts or making such representations is precluded from pleading the falsity of his acts or representations for his own advantage, or from asserting a right which he otherwise might have had. *Carruthers v. Whitney,* 56 Wash. 327, 105 Pac. 831; *Maxwell v. Dimond,* 83 Wash. 30, 145 Pac. 77; *Reynolds v. Travelers Ins. Co.,* 176 Wash. 36, 28 P. (2d) 310; 19 Am. Jur. 634, Estoppel, § 34; 31 C. J. S. 341, Estoppel, § 108. Whether or not the doctrine is to be applied in a given instance depends upon the particular facts and circumstances of the case."

Since we have heretofore held that the state had no duty to record either by statute or custom, there does not appear to be any breach of duty upon which estoppel could be predicated.

The appellant contends that it should prevail under the doctrine of comparative innocence, because its predecessors in interest did everything a grantee could do to discover the true condition of the title to the land in question, while the state, on the other hand, was negligent in not recording its "Selection List No. 3" with the land office or the auditor of Kittitas county. We repeat, the state had no duty to record. In any event, the doctrine of comparative innocence does not apply to a sovereign state.

The judgment is affirmed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

[1]Reported in 261 P. (2d) 400.