[No. 89-40539-3.    Division Three.    April 17, 1970.]

LOU N. KING, *Respondent*, v. DANIEL O. KING, *Appellant*.

*Peterson, Taylor & Day* and *Robert S. Day,* for appellant.

*Campbell & Johnston* and *Mike Johnston,* for respondent.

MUNSON, J.—Daniel O. King, defendant, appeals from an order granting a divorce to Lou N. King.

The Kings were married in July 1961. In January 1966,

defendant went to Vietnam as a civilian construction worker. His initial term of employment expired in July 1967. In June 1967, plaintiff instituted the present divorce action. Shortly thereafter plaintiff became seriously ill and unable to work. In August 1967, an ex parte order pendente lite was entered requiring defendant to pay plaintiff $500 per month support. The trial, originally set for November 17, 1967, was postponed upon defendant's motion until February 2, 1968 on the ground of defendant's unavailability. In December 1967, defendant's counsel moved for a modification of the August support decree. The motion was conditionally granted subject to defendant's payment, within 20 days, of $1,000 to be applied on unpaid accrued support in the sum of approximately $2,500. Defendant complied.

Defendant failed to appear at the trial on February 2, 1968; his whereabouts were not made known to the trial court. Interrogatories served upon defendant's counsel on January 5, 1968 were still unanswered. On February 9, 1968, defendant's counsel told the court answers had been prepared but were unsigned; he failed to advise the court as to defendant's whereabouts. Thus, the only evidence before the trial court was the uncontroverted testimony of Mrs. King. On February 9, 1968, the trial court rendered its oral decision wherein plaintiff was granted a divorce and the property divided on an alternative basis.[1] On February

[1] Under the first alternative requirement defendant was to (1) pay plaintiff $7,000 cash on or before February 27, 1968, and (2) convey to plaintiff his interest in the family home and furnishings, and automobile. From the $7,000 plaintiff was to pay attorney's fees and costs and the community obligations then outstanding. Underlying this alternative was the trial court's apparent belief, given the extant facts, $7,000 received by February 27, 1968, would immediately alleviate plaintiff's precarious financial situation caused by illness and defendant's failure to pay ordered support.

Upon defendant's failure to pay the $7,000 by February 27, 1968, the first alternative was superseded by the second which required defendant to (1) pay back support in the sum of $2,295; (2) pay attorney's fees and costs in the sum of $1,383; (3) pay alimony of $100 per month for a period of 5 years beginning March 1, 1968; (4) pay community debts totaling approximately $3,360; (5) pay Mrs. King $4,200 for her share of the community estate; (6) convey to plaintiff his interest in

23, 1968, findings of fact, conclusions of law and a decree were entered in accordance with the oral decision. Defendant did not exercise the option accorded by the first alternative.

Defendant's assignments of error present three issues: (1) whether the uncontroverted testimony of Mrs. King was sufficient to support the trial court's findings of fact, particularly Nos. 4, 6, 8, 10 and 13; (2) whether the property division alternatives were improper because (a) defendant's alleged presence in Vietnam at the time of entry of judgment precluded him from taking advantage of the first alternative, and (b) the first alternative expired prior to the 30-day time limit allowed for appeal thus, in effect, shortening the time for appeal in contravention of CAROA 33; and (3) whether the trial court's oral decision contains such prejudicial remarks as to require a new trial.

■ Although the uncontroverted testimony of plaintiff is not that of a disinterested party, her interest in the outcome of litigation merely affects the weight of her testimony not its probative value if believed by the trial court. *McLaren v. Department of Labor & Indus.*, 6 Wn.2d 164, 107 P.2d 230 (1940); 2 Conrad, Modern Trial Evidence § 1131, at 298 (1956). Therefore, her testimony standing alone, uncontroverted and apparently believed by the trial court, supplies sufficient evidence to support its findings and such findings will not be disturbed on appeal.

We find no evidence to support defendant's contention on this appeal that he was in Vietnam at the time of the trial or entry of the decree and was thereby precluded from electing the first alternative. His initial employment contract expired in July 1967; a 6-month voluntary extension would have expired prior to the date of trial. No showing was made of any extension of his employment contract. He could have been in Richland under the instant record.

■ An appeal suspends the time allowed in the judg-

the family home and furnishings, and automobile; and (7) pay reasonable attorney's fees and costs incurred by plaintiff for the enforcement of these provisions.

ment or order appealed from for the performance of a condition which affects a party's substantive right or obligation. As a result, the time for performance of the condition in the judgment or order begins after the appellate court's decision becomes effective. *Borrow v. El Dorado Lodge,* 75 Ariz. 218, 254 P.2d 1027 (1953); 4 Am. Jur. 2d *Appeal and Error* § 363 (1962); 28 A.L.R. 1029 (1924). This rule applies even though the time for performance of the condition expires prior to the expiration of the time for appeal and where the appeal is not taken until after the expiration of the time for performance of the condition. *Nakdimen v. Brazil,* 137 Ark. 188, 208 S.W. 431 (1919).

In Washington the disposition of property by the trial court will not be reversed on appeal except where there has been a manifest abuse of discretion by the trial court. *Rehak v. Rehak,* 1 Wn. App. 963, 964-965, 465 P.2d 687 (1970); *Mayo v. Mayo,* 75 Wn.2d 36, 448 P.2d 926 (1968); *Root v. Root,* 64 Wn.2d 360, 391 P.2d 962 (1964).

In this case the trial judge had before him only one party who was supporting her two children by a prior marriage; in ill health and unable to work; and, in desperate financial straits due to defendant's failure to make his support payments. In contrast, the evidence shows defendant had been in civil employment in Vietnam earning $1,550 per month, tax free, plus travel and bonus pay; had requested and received a continuance because of his unavailability for trial; and, had not appeared at the trial which had been set at his request.

While a trial judge does not have unfettered freedom to dispose of a party's property, *Rehak v. Rehak, supra,* he is not expected to expunge himself either of his common sense or his life experiences upon ascending the bench. It is evident from the record that the experienced trial judge believed a quick cash settlement would greatly reduce the posttrial trauma of these parties and allow them to readjust to society without the necessity of further legal proceedings. In addition, such a settlement as set forth in alternative (1) would have been favorable financially to both

parties at that time. Defendant obviously would save money by accepting it. Plaintiff would have been able to save the community assets from community creditors. It would have relieved plaintiff from future legal proceedings to enforce alternative (2); and such proceedings could reasonably be anticipated from defendant's conduct and attitude disclosed by the record then before the court.

■ While an alternative division is unusual, it is not without precedent. 27B C.J.S. *Divorce* § 300(1) (1959); *Ormachea v. Ormachea*, 67 Nev. 273, 217 P.2d 355 (1950); *Kyte v. Kyte*, 325 Mich. 149, 37 N.W.2d 784 (1949).

We believe, however, the award to plaintiff of both the sum of $4,200 for her share of the community estate and defendant's interest in the family home and furnishings, and automobile under the second alternative to be contraindicated under the facts herein. With respect to the rest of the property division, we find there was no manifest abuse of discretion by the trial court.

Therefore, judgment shall be modified to allow defendant 30 days from the date of the remittitur, under the first alternative, to pay plaintiff $7,000 and to convey to her his interest in the family home and furnishings, and automobile. In the event he does not avail himself of that alternative, the second alternative shall become effective except it shall be modified to award to defendant the family home and furnishings, and automobile. In all other respects the property division shall remain the same. Statute of limitations on this modified judgment shall begin to run from the date of the remittitur.

Next, defendant claims the trial court was prejudiced against him in this matter. This assignment of error must be placed in proper perspective. It must be kept in mind that defendant (1) sought repeatedly to delay trial because of his alleged presence in Vietnam, which presence was unsubstantiated before the court; (2) refused to pay the decreed support amount until the "bargain" order was entered December 29, 1967, thereby knowingly causing plaintiff extreme hardship, while during this same period de-

fendant earned a sizeable amount; (3) failed to answer interrogatories propounded well in advance of trial; and (4) failed to appear at the time of trial. These facts standing alone substantiate the court's oral conclusion that defendant possessed little respect for the judicial process. However, the trial court in its decision goes beyond this conclusion; it compares defendant's actions in the present case with his behavior before the same court on prior occasions. As a result, the court found both his present and former opinions of defendant coincided.

The pertinent portions of the oral decision are set forth below:

He [King] has an accrued obligation of $2295.41 for support; he has failed and refused to answer Interrogatories in this proceeding, and unfortunately the Court has to make a decision based on his knowledge of this man and this woman, and the records of Benton County will show (as part of this Judicial District) that Mr. King had been on numerous occasions before this Court. He does seek justice, he does have faith in the system as long as justice is spelled Dan King's way. He is a personal friend of mine; I have known him longer than perhaps any person in this room has known him; I have worked with him for a period of almost four years; I respect his ability and his acumen, but he has a thing about him which is "the rules of court be damned." He will not follow any of them unless he gets exactly what he wants. This has been brought out in four separate actions before this court, and he has sat on the stand and done just exactly in other actions what he has done in this case; played the game with a long string. In this case I must base my judgment on my knowledge of what he would have done in this case, together with the fact that he has been before this court many times before, and he has operated just as he did here, except in those other instances he was convinced that he was a better attorney and was his own attorney. In this case he has perfected his techniques. Mr. Peterson has done his job fully and he has not attempted to mislead this Court at any time, but Mr. King's background indicates to me that he didn't intend to answer these Interrogatories. By reason of his refusal to answer them the Court is helpless to evaluate any claim that Mr. King might have and he is deprived of the

benefit that the Court might normally be able to give him by reason of a more complete accounting and the things that must be resolved. In view of his withholding of the information the question must be resolved against Mr. King, if there is a dispute, if the contentions of Mrs. King are reasonable.

■ In the absence of evidence to the contrary, it is presumed a judge performs his functions regularly, properly and without bias or prejudice. *Barbee Mill Co. v. State*, 43 Wn.2d 353, 261 P.2d 418 (1953).

The record before the court at the time its oral decision was rendered is sufficient to support an opinion as to defendant's attitude toward the court, its processes and rules. There is nothing in the evidence, nor in the court's remarks showing that these prior court appearances precipitated or influenced the court's opinion. Rather they merely supported the opinion formed as a result of defendant's conduct in this case. Other judges might have been less frank in their expression of their prior court association with this party; at least defendant was fully advised of the bases of the court's opinion. While we might not have employed the language used in the court's decision, neither do we believe its content requires a reversal on a basis of bias or prejudice in this case.

■ The remaining assignments of error challenging various findings of fact are without merit since there is substantial evidence to support them. *American Aviation, Inc. v. Hinds*, 1 Wn. App. 959, 465 P.2d 676 (1970).

Judgment is affirmed as modified.

EVANS, C. J., and GREEN, J., concur.

———————

Petition for rehearing denied June 30, 1970.