[No. 8234.   Department One.   July 2, 1910.]

JAMES C. BROAD, *Appellant,* v. THE CITY OF SPOKANE *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS — ORDINANCES — EQUITY — POWERS OF COURT. A court of equity cannot interfere with the enactment of ordinances because it questions their expediency, or the motives of the council, or the regularity of the proceedings.

MUNICIPAL CORPORATIONS — IMPROVEMENTS — ABANDONMENT— IN- JUNCTIONS—REMEDY AT LAW. A court of equity will not restrain a city council from abandoning a local improvement after entering into a contract therefor, as the contractor has his remedy at law.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 17, 1909, upon sustaining a demurrer to the complaint, dismissing an action in equity. Affirmed.

*Cullen & Dudley* and *John Clark,* for appellant.

*E. O. Connor* and *Bruce Blake,* for respondents.

PER CURIAM.—Acting pursuant to the charter and ordinances of the city of Spokane, the board of public works of that city filed with the city council plans and specifications for a sewer which the city contemplated constructing. These plans and specifications the city council adopted by

[1]Reported in 109 Pac. 1014.

resolution at a meeting held on March 10, 1908. The sewer was estimated to cost $81,591.90. On April 28, 1908, the city council, by ordinance, ordered the construction of the proposed sewer according to the plans and specifications adopted, and provided therein that the cost of construction should be paid by assessments upon the property benefited. The ordinance further provided that the improvement should be made under the supervision of the board of public works, which was authorized to receive bids and let the contract for the same, further providing:

"No contract herein provided for shall go into effect, in so far as the city is concerned, or be binding upon it, until the assessments herein provided for shall be confirmed; and, in the event the assessments and assessment roll herein provided for shall not be confirmed, then such contract shall be of no further force and effect." Spokane Ordinance, No. A 3,388, § 7.

Thereafter the board of public works advertised for and received bids for the construction of the sewer, among which bids was the bid of the appellant offering to construct the sewer, according to the plans and specifications submitted, for the sum of $67,965. The appellant's bid proved to be the lowest and best bid for the work and was accepted, and a contract therefor was thereafter let to him. This contract, following the ordinance authorizing it, contained the following provision:

"It is further mutually covenanted and agreed, between the parties hereto, that this contract shall not be binding upon the first party (the city) or go into effect, in so far as it is concerned, until the assessments and assessment roll provided for in said ordinance No. A 3,388 shall have been confirmed by the city council of the said first party, and in event said assessments and assessment roll shall not be confirmed by said city council, then this contract shall be void and of no further force and effect."

The board of public works thereupon proceeded to make the required assessment, completing and filing the roll with the

city council in due course, whereupon a day certain was fixed
by the council for hearing protests and objections thereto. At
the hearing appointed, a protest against approving the as-
sessment roll was filed by some sixteen taxpayers of the dis-
trict, among whom was a member of the city council. On
motion of the councilman signing the petition, a resolution
was passed by which the council refused to confirm the roll.
At a subsequent meeting the board of public works was in-
structed by the council to prepare amended plans and speci-
fications for the sewer. This the board did by changing the
depth of the outlet of the sewer and making other minor
changes. The estimate of the costs of the sewer under the
amended plans was $57,028. These plans were adopted by
the city council and an ordinance introduced for the con-
struction of the sewer according thereto. This ordinance
was afterwards duly passed and approved, whereupon the
board of public works advertised for bids for the construc-
tion of the sewer under its provisions, and was proceeding
therewith when this action was begun.

In addition to the foregoing facts, the appellant in his
complaint charged the council with proceeding irregularly, in
that the purported amended plans and specifications for the
sewer were not the plans of the board of public works itself,
but was wholly the work of its secretary; that the ordinance
adopting the amended plans and specifications was not read
in full when introduced, but by title only; that the ordinance
was not complete at that time, but merely the stereotyped
blank for such an ordinance without the blanks being filled;
and that all of the acts of the city council subsequent to the
return of the assessment roll were in excess of its powers and
therefore void.

To the complaint the respondents demurred on the ground,
among others, that it did not state facts sufficient to con-
stitute a cause of action. The demurrer was sustained, and
on the appellant's election to stand thereon, judgment of

dismissal and for costs was entered. This appeal was taken therefrom.

While the complaint challenges the regularity of the proceedings of the city council, and questions the motives of one of its members, these are not matters that can be considered by the court in proceedings of this nature. A court of equity has no rightful authority to interfere with the enactment of municipal ordinances merely because it may question the expediency of the measures, the motives inducing their enactment, or the regularity of the proceedings by which they are being enacted; it is limited solely to an inquiry into the question of power. *State ex rel. Rose v. Superior Court of Milwaukee County*, 105 Wis. 651, 81 N. W. 1046, 48 L. R. A. 819.

That the city had power to abandon these proceedings at the time it did abandon them, we think there can be no question, even though such abandonment resulted in a breach of contract with the appellant. The power is deducible from the general powers of the city; in fact from the power to proceed with the work. If this were not so there could be no relief from improvident undertakings. The city could not, under the appellant's view, abandon the work of constructing this sewer on the return of the assessment roll even though it then discovered that the sewer would not when completed perform its functions and must be immediately destroyed. We cannot think that the city is thus helpless.

Holding as we do that the city had power to abandon the undertaking, we cannot inquire into the reasons for its exercise. If the appellant has a remedy it is by an action at law for damages. Any other rule might result in the court's compelling the city to complete a useless or wasteful structure.

We think, however, that the question whether or not there was an actual breach of contract or a remedy for its breach should not be determined in this proceeding. The dismissal

of the action below, therefore, will be treated as a dismissal without prejudice, and with leave to the appellant to bring an action for damages if he so desires.