[No. 21885. Department Two. September 5, 1929.]

CHARLES F. CLISE *et al., Respondents,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

*Thomas J. L. Kennedy* and *J. Ambler Newton,* for appellants.

*Roberts, Skeel & Holman,* for respondent.

FRENCH, J.—The respondents, as citizens, residents and taxpayers of the city of Seattle, waged this action for the purpose of enjoining and restraining appellants

[1]Reported in 280 Pac. 80.

from expending certain sums of money, as provided in two certain ordinances passed by the city council of the city of Seattle and approved by the mayor. In making up the budget of the city of Seattle covering the proposed expenditures for the year 1929, there appeared the following items:

"Beach drive, 48th avenue southwest and Lincoln Park way, grading, paving and concrete walks, $36,-000; Purchase of portion of southeast one-quarter of section 16, township 24 north, range 4 east, W. M.; from King county, $50,100."

An attempt was made by respondents, by means of judicial proceedings, to have these items stricken from the budget, but the action was dismissed without prejudice to their bringing an appropriate action restraining the expenditure of the money. Thereafter the city of Seattle, by ordinance, appropriated and authorized the expenditure of the money for the purposes set forth in the budget.

The first item, which will be referred to as the Beach drive item, is as follows: It seems that an improvement was initiated in the city of Seattle sometime prior to December, 1927. The streets to be improved were generally in the West Seattle district. The improvement was to be paid for by assessing the property benefited, with the exception of some $20,000 which was to be paid for from the general fund. As the work progressed, the contract being a unit bid contract, it became apparent that it might not be possible to raise, by a local improvement assessment, a sufficient sum to pay the contractor for the actual work which he was doing, and on December 9, 1927, the contractor was released from his contract, the work abandoned, an assessment roll prepared covering the work as thus far completed, special assessments levied sufficient to liquidate in full all the obligations due the contractor, and

this money has been appropriated by the city council from the general fund for the purpose of constructing certain concrete walks and improving generally Beach drive from Bruce street to Murray avenue, doing such grading and slide removal work as may be necessary.

The second item in the budget, which may be referred to as the Sears tract purchase, is an appropriation, by ordinance by the city, of the sum of $50,032.33 to pur-chase from King county certain land which had been taken over by King county for general taxes and on which there were at the time certain delinquent city assessments. It seems that there is another local improvement initiated in the vicinity of the Sears tract, and it is probable that, if this land is taken over by the city of Seattle, it will become subject to assessment in this local improvement district, and thus the city will be enabled to complete an improvement which otherwise would probably fail by reason of the fact that there is not sufficient taxable property in the district; it being admitted that this property cannot be assessed and the assessments collected while the title remains in King county.

It is contended by respondents that they have a right to enjoin the expenditure of money as appropriated by the ordinance above referred to, because the expenditure of this money is in excess of the corporate powers of the council, and illegal, and prohibited by the charter of the city of Seattle, which provides:

"Allowance or Payment of Invalid Claims Prohibited: Neither the city council nor any officer, board, department or authority shall allow, make valid or in any manner recognize any demand against the city which was not at the time of its creation a valid claim against the same, nor shall they or any of them ever allow or authorize to be paid any demand which, without such action, would be invalid, or which shall then be barred by any statutes of limitation, or for which

the city was never liable, and any such action shall be void.'' Art. IV, § 28.

And, in addition, with reference to the purchase of the Sears tract, it is claimed that this would be in violation of Art. I., § 1 of the charter, which reads as follows:

"Section 1. Municipality; Name, General Powers; The municipal corporation, now existing and known as the city of Seattle, shall remain and continue a body politic and corporate in name and in fact, by the name of 'The City of Seattle,' . . . and may purchase, receive, hold and enjoy real and personal property within and without the corporate limits of the city of Seattle, and may sell, convey, mortgage, and dispose of the same for the common benefit, . . ."

In order to sustain respondents' contention, a Mr. LeBlond, chief clerk in the city engineer's office of the city of Seattle, was called as a witness, and testified fully and completely as to how these items came to be included in the budget, and what he conceived to be the purpose of their inclusion and the purpose to be served ultimately by the purchase of this Sears tract; and it is the contention of respondents that the court will go back of the ordinances themselves and accept parol evidence for the purpose of determining the underlying motives which caused the passage of the ordinance.

It is claimed by respondents that the real purpose of appropriating money from the general fund in the Beach drive improvement is to pay certain local improvement indebtedness, or, rather, to pay certain local improvement indebtedness which would be created in case the improvement was carried out and completed as originally contemplated; and it is claimed that the underlying purpose or motive back of the purchase of the Sears tract is to make available for assessment purposes the large tract of land, and thus permit a

local improvement district to be formed, or an improvement to be completed, which would otherwise be impossible, because, without the inclusion of the Sears tract in the local assessment district, there would not be sufficient assessable property to permit the improvement.

■ The record in this case clearly shows that, in so far as the Beach drive improvement is concerned, the city had abandoned the improvement, and on December 9, 1927, released the contractor, and that the contractor had been paid in full for the work which had actually been done by him. The city had a right to abandon the local improvement initiated under the special assessment plan. *Broad v. Spokane,* 59 Wash. 268, 109 Pac. 1014. Cases from other states which so hold are: *Gray v. Joliet,* 287 Ill. 280, 122 N. E. 550; *Rogers v. St. Paul,* 79 Minn. 5, 81 N. W. 539. In view of the fact that the original outstanding indebtedness against the district in the Beach drive improvement had been paid in full, prior to the passage of this ordinance, the case of *Pratt v. Seattle,* 111 Wash. 104, 189 Pac. 565, the case relied upon by respondents, is of no force and effect. It is inherently within the rights of the city to improve its streets and alleys, to build and maintain sidewalks and make improvements of such kind from the general fund, if it so chooses, and no citation of authority is required to sustain this position. We can find nothing in the record which warrants support in saying that the city council may not, if it chooses, complete the Beach drive improvement from the general fund, or in any other way that it may see fit, as provided under the charter.

■ In so far as the Sears tract purchase is concerned, the validity of that provision of the law under which the Sears tract was to be purchased was upheld in the case of *State ex rel. Spokane v. DeGraff,* 143

Wash. 326, 255 Pac. 371. The city is, therefore, on the face of the record, attempting only to do what this court has held it may do, and the fact that the land purchased may ultimately become again liable to local assessments when it is in the hands of the city, is a question for the exercise of the sound judgment of the members of the city council. It presents purely an economic question, and not a question for the court.

There is another reason why the court cannot interfere in matters of this kind. These appropriations and expenditures are admittedly legal upon their face. In the absence of fraud, the court cannot and will not, under any circumstances, inquire into the purposes to be served or the motives which actuated the members of the city council in passing certain ordinances. It is not the duty of the court, and neither has the court the power, to assume the position of guardian for the city council in inquiring into the wisdom of or the purpose to be served by the expenditure of money.

"In passing upon the reasonableness of an ordinance the good faith or motives of the legislative body are not matters of judicial inquiry." McQuillin, Municipal Corporations (2d ed.) Vol. II, § 769.

"The question of the necessity or wisdom of legislation within the power of a municipal corporation to enact is to be decided by the proper municipal authorities. If the municipal corporation has the power to pass the ordinance or regulation, it is neither within the province nor within the power of the court to question its wisdom or propriety." 43 C. J. 299.

In support of the text, cases are cited from practically every state in the Union. The question is not a new one in this state.

"The next question is that involved in the court's refusal to permit evidence to prove the allegations of the complaint relative to the motives that actuated members of the city council in voting for the bill. Conced-

ing all that is set out in the complaint to be true upon this phase of the case, there is nothing therein which can be considered by the courts. Under no consideration or circumstance will the motives of legislators, considered as the moral inducement for their votes on a particular enactment, be inquired into by a judicial tribunal, and no principle of law is more firmly established." *Cornelius v. Seattle,* 123 Wash. 550, 213 Pac. 17.

So, in the instant case the city council, by the first ordinance covering the Beach drive improvement, is attempting to do what it has the legal right to do, namely, improve its streets by using money from the general fund. In the second instance, in the purchase of the Sears tract from King county, this land having been taken over by King county for general taxes and the city having local improvement assessments against it, the statute gives the absolute right to the city to redeem from the lien of the general taxes. The court will not inquire into the purpose to be served by doing these things, but only into the question of the legality of the procedure. The question of the wisdom and advisability of these expenditures is solely and exclusively for the proper administrative and legislative authorities of the city of Seattle. It is for them to exercise their judgment and for them to reach their own conclusions, and, under the authorities above stated, the court has no power to inquire into the motives or reasons which actuated members of the council in their determination to do or not to do the particular acts complained of. Nor is the court permitted to substitute its judgment for that of the members of the city council as to the wisdom or propriety of the particular expenditures, but is limited solely to the question of the legality of the particular ordinances.

Reversed.

MILLARD, MAIN, and PARKER, JJ., concur.

HOLCOMB, J. (dissenting)—I can yield my concurrence as to the validity of the appropriation for the purchase of the property under the Beach drive improvement for the reasons stated in the opinion.

I cannot, however, yield my assent to the legality of the appropriation for the purchase of the Sears tract.

In that matter, it was obvious that the object of the appropriation was to cover, and it was made as a mere subterfuge for the purpose of evading the provisions of the charter quoted in the majority opinion and the effect of our decisions in certain cases. The Sears tract is the one affected by the Columbian way project of Seattle in the improvement of which a contractor had owing to it a large sum which could not be paid by the special assessments, as they were insufficient.

This court has distinctly held that, when a special assessment has failed, the city may not assume and pay the cost of the work from the general fund. *Pratt v. Seattle,* 111 Wash. 104, 189 Pac. 565; *Wade v. Tacoma,* 131 Wash. 245, 230 Pac. 99.

In the last cited case, it was held that, even though the mistake be that of the city, the city cannot, in such a case, relieve the contractor at the expense of the property owners.

In my opinion, the action of the city council respecting the Columbian way improvement purchase was illegal, both under its own charter and our decisions. As to that part of the decision, I therefore dissent.