[No. 33266. Department One. October 27, 1955.]

OLGA C. LILLIONS, *Appellant,* v. JAMES A. GIBBS *et al., Respondents.*[1]

[1]Reported in 289 P. (2d) 203.

*Christ D. Lillions* and *L. C Brodbeck*, for appellant.

*Charles O. Carroll* and *K. G. Smiles*, for respondents.

OTT, J.—Olga C. Lillions owns eight acres of unimproved land on Mercer Island, comprising the southwest quadrant

of the intersection of southeast 40th street and 84th avenue southeast.

In 1950, the board of county commissioners adopted a comprehensive zoning plan for this area, in which the eight acres were classified as an S-1 (suburban) district. The northeast quadrant of this intersection was classified as a B-1 (business) district.

May 8, 1953, Mrs. Lillions petitioned the King county planning commission to reclassify as a B-1 and B-P (business parking) district two acres of her property adjacent to the intersection. The planning commission recommended to the board of county commissioners that the petition be granted. At the next regular meeting of the board, the recommendation of the commission was considered for adoption or rejection. Petitioner was represented by counsel. Several persons appeared in opposition to the reclassification. All persons appearing were given an opportunity to be heard. Thereafter, by resolution, the board unanimously denied the petition.

Mrs. Lillions commenced this action against the board of county commissioners, seeking a writ of mandate to compel the board to accept the recommendation of the planning commission.

The court denied the writ, and dismissed the action with prejudice. The plaintiff appealed.

Appellant assigns as error the court's failure to hold that respondents' action was arbitrary, capricious, discriminatory, and predicated upon a false premise.

The contention that the board's action was predicated upon a false premise is based upon appellant's allegation that, at the time county commissioner McLean made the motion to reject the recommendation of the commission, his stated reason was that the proposed amendment was not in conformity with the comprehensive zoning plan previously adopted.

The members of the board were called as adverse witnesses, and none of them supported appellant's allegation. Commissioner McLean gave several other reasons why he

moved to reject the petition. Commissioner Gibbs specifically stated that, although the conflict with the plan was a paramount reason, it was not the sole reason for his vote to reject.

The map in the comprehensive plan did not indicate that the planning commission intended appellant's property to be business property. Proposed business property was indicated on the map in red. Mr. Walkup, a member of the planning commission at the time the comprehensive zoning plan was adopted, was called as a witness for the appellant and testified as follows:

"Q. (by Mr. Lillions) Does that study then and the map show a neighborhood shopping center at 84th and 40th? A. A proposed. Q. Proposed? A. That is correct. And the present zoning. Q. And the present zoning at 84th and 40th? A. Yes. . . . Q. (by Mr. Van Eaton) Will you answer my question, whether or not Mrs. Lillions' property on the map is located within the area designated as Business Area at that particular intersection? A. No, I would say it wasn't."

The contention of appellant with reference to false premise is without merit for two reasons. The evidence established (1) that the board did not rely solely upon the premise that the proposed change was in conflict with the comprehensive plan, and (2) that the plan itself did not show that the Lillions property was intended to be business property.

■■ Was the action of the board arbitrary, capricious, and discriminatory? When a board of county commissioners acts pursuant to a statute relating to zoning, it is a legislative body exercising legislative powers. See *State ex rel. Lyon v. Board of County Com'rs of Pierce County*, 31 Wn. (2d) 366, 196 P. (2d) 997 (1948). In the absence of fraud, this court will not inquire into the motives which actuated the local legislative body to enact, or fail to enact, an ordinance or resolution. See *Cornelius v. Seattle*, 123 Wash. 550, 559, 213 Pac. 17 (1923); *Clise v. Seattle*, 153 Wash. 661, 666, 280 Pac. 80 (1929); *Goebel v. Elliott*, 178 Wash. 444,

447, 35 P. (2d) 44 (1934). The motives of the board in rejecting the commission's recommendation are not pertinent.

It is well established that courts will not review, except for clear abuse, the discretion vested in public officers. *Metzger v. Quick,* 46 Wn. (2d) 477, 483, 282 P. (2d) 812 (1955), and cases cited. If the action of the board, in and of itself, was not arbitrary and capricious, it follows that this court will not interfere.

Chapter 44, Laws of 1935, p. 115 (RCW 35.63 [*cf.* Rem. Rev. Stat. (Sup.), §§ 9322-1 through 9322-12]), authorized the establishment of a planning commission, and the adoption of a comprehensive zoning plan. The act gives to the planning commission only the power to make recommendations to the board of county commissioners. The adoption or rejection of its recommendations lies solely within the sound discretion of the board. The proper exercise of discretion may include further inquiry. The board did not abuse its discretion by hearing the objectors, as well as the proponents.

Mandamus will not lie to compel the performance of acts or duties which call for the exercise of discretion on the part of public officers. *Stoor v. Seattle,* 44 Wn. (2d) 405, 410, 267 P. (2d) 902 (1954), and cases cited. Where courts do interfere, it is upon the theory that the action is so arbitrary and capricious as to evidence a total failure to exercise discretion, and therefore the act of the officer is invalid. *Stoor v. Seattle, supra.*

Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached. *In re Buffelen Lbr. & Mfg. Co.,* 32 Wn. (2d) 205, 208, 201 P. (2d) 194 (1948), and case cited.

The principal contention of appellant with regard to arbitrary and capricious action on the part of the board is that property abutting the same intersection, diagonally

across the street, had been classified by the board as a B-1 district in the comprehensive zoning plan previously adopted.

Section 7, chapter 44, Laws of 1935, p. 118 (RCW 35.63-.090 [cf. Rem. Rev. Stat. (Sup.), § 9322-7]), states the purposes of the zoning act as follows:

" . . . to encourage the most appropriate use of land throughout the municipality; to lessen traffic congestion and accidents; to secure safety from fire; to provide adequate light and air; to prevent overcrowding of land; to avoid undue concentration of population; to promote a coordinated development of the unbuilt areas; to encourage the formation of neighborhood or community units; to secure an appropriate allotment of land area in new developments for all the requirements of community life; to conserve and restore natural beauty and other natural resources; to facilitate the adequate provision of transportation, water, sewerage and other public uses and requirements."

Which of these considerations prompted classification of the property on the opposite side of the street as business property is not known. In view of the numerous objectives contained in the act, it cannot be said, in the absence of proof, that the board abused its discretion and acted arbitrarily and capriciously in denying appellant's request to extend the business area in this proposed district.

Under the facts in this case, there was room for two opinions. This was shown by the testimony that there were those who favored and others who protested the adoption of the commission's recommendation. At the trial, the appellant had the burden of proof, and failed to establish that the board acted arbitrarily and capriciously, as above defined.

We find no merit in appellant's first assignment of error.

■ Appellant's next assignment of error is directed to the court's failure to find that the respondents deprived her of rights guaranteed under Art. I, §§ 3 and 12, of the state constitution, and the fourteenth amendment to the United States constitution.

These constitutional provisions, relating to due process and equal protection under the law, do not apply to laws en-

acted by the state legislature in the proper exercise of its police power. *Frach v. Schoettler*, 46 Wn. (2d) 281, 290, 280 P. (2d) 1038 (1955), and cases cited.

Zoning regulations must bear a substantial relation to the promotion of public health, safety, morals or general welfare. *Hauser v. Arness*, 44 Wn. (2d) 358, 267 P. (2d) 691 (1954), and cases cited. The objectives of the zoning law, as set out in § 7 of the act, *supra*, establish that it is designed to accomplish these purposes. Hence, the act is a proper exercise of the state's police power. *King County v. Lunn*, 32 Wn. (2d) 116, 121, 200 P. (2d) 981 (1948), and cases cited.

Appellant's second assignment of error is without merit.

Finally, the appellant contends that the court erred in entering the judgment of dismissal, and in failing to enter judgment in her favor.

At the close of the case, the trial judge rendered an oral opinion, in which he analyzed all of the evidence before him and applied to it the established law of this state. In our opinion, he did not err in denying the petition and dismissing the action.

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

December 13, 1955. Petition for rehearing denied.