[No. 10129-7-II.   Division Two.   June 4, 1987.]

RICHARD W. BEN–NETH, *Respondent,* v. THE INDETERMI-
NATE SENTENCE REVIEW BOARD, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Steven
L. Abel, Assistant,* for appellant.

*Ninamaria K. Fuller* and *Fuller & Fuller,* for respon-
dent.

BRACHTENBACH, J.*—The Indeterminate Sentence Review Board appeals the issuance of a writ of mandate which directed the Board to set a new minimum term for petitioner "more consistent with the Sentencing Reform Act of 1981" (SRA), RCW 9.94A. We reverse.

The following events give rise to this action: (1) (a) Petitioner was convicted of theft in the first degree; (b) petitioner was convicted of two counts of unlawful issuance of checks, sentences to run concurrently with the theft sentence; (2) Board of Prison Terms and Paroles on February 9, 1982, set the minimum term at 42 months; (3) petitioner paroled on March 27, 1984; (4) parole revoked on March 20, 1986; (5) petitioner given a new minimum term of 36 months.

The statute in effect at the time of the Board's action was RCW 9.95.009(2) which provides in part: "The board shall consider the standard ranges and standards adopted pursuant to RCW 9.94A.040, and shall attempt to make decisions reasonably consistent with those ranges and standards." Amended by Laws of 1986, ch. 224, § 6. *See Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 510, 730 P.2d 1327 (1986).

The trial court entered conclusions of law that (1) the reasons given by the Board are not adequate to support an exceptional sentence of 36 months and (2) the Board abused its discretion in setting the new minimum term.

Two issues are presented: (1) Was it proper to issue a writ of mandate compelling the Board to set a new minimum term more consistent with the SRA and (2) was there in fact an abuse of discretion in setting the new minimum term?

Petitioner apparently sought a writ of habeas corpus and/or a writ of mandamus. We have not been provided a copy of the petition nor has any error been raised as to the alternative ground or the propriety of this method of

---

*This appeal was heard by a Supreme Court Justice and two Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division Two.

review. Hence, we deal only with the writ of mandamus. *See In re Rolston,* 46 Wn. App. 622, 732 P.2d 166 (1987) regarding the proper procedure for review of a trial court's setting of a minimum term. We emphasize that we are only considering the issuance of the writ of mandate. The issue of proper procedure for review of the Board's setting of a minimum term is not before us.

■ It is a fundamental rule governing mandamus that it will not lie to compel the performance of acts or duties which call for the exercise of discretion. *State ex rel. Tubbs v. Spokane,* 53 Wn.2d 35, 38, 330 P.2d 718 (1958). A narrow exception to that principle has allowed mandamus where the act or duty is discretionary.

> Where courts have interfered in the past, it has been upon a theory that the actions of the officer or body are arbitrary and capricious in that they have willfully and unreasonably disregarded the facts or circumstances thereby failing to exercise the discretion allowed them. *Stoor v. Seattle,* 44 Wn.2d 405, 267 P.2d 902 (1954). Furthermore, where there is room for two or more opinions as to what action the body or officer should take, their action is not arbitrary or capricious when exercised honestly and upon due consideration. *Lillions v. Gibbs,* [47 Wn.2d 629, 289 P.2d 203 (1955)]; *In re Buffelen Lumber & Mfg. Co.,* 32 Wn.2d 205, 201 P.2d 194 (1948).

*State ex rel. Ryder v. Pasco,* 3 Wn. App. 928, 930, 478 P.2d 262 (1970).

"Once officials have exercised their discretion, mandamus does not lie to force them to act in a *particular manner.*" *Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 140, 588 P.2d 185 (1978).

For example, mandamus will not issue to compel the entry of a particular judgment unless it is the only judgment which can be legally entered. *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex. Crim. App. 1978).

The court cannot compel action in any particular manner. The official or agency must implement its authority with discretion and not as a result of arbitrary conduct. *State ex rel. Knudsen v. Board of Educ.,* 43 Wis. 2d 58, 168

N.W.2d 295 (1969).

Abuse of discretion must appear very clearly before the court will interfere by mandamus. *State ex rel. Linden v. Bunge,* 192 Wash. 245, 250, 73 P.2d 516 (1937).

A review of the cases reveals that an abuse of discretion may arise from the *manner* of the exercise of discretion or from the *result* of the exercise. It is said that the agency or tribunal must act honestly and fairly, not with gross abuse or in avoidance of its duty. These guidelines were laid down in *State ex rel. Brown v. Board of Dental Examiners,* 38 Wash. 325, 328, 80 P. 544 (1905). The court held that gross abuse or in avoidance of its duty was not an abuse of discretion, but rather the failure to exercise any discretion at all.

In the absence of fraud the court will not inquire into the motives which actuated the agency. *Lillions v. Gibbs,* 47 Wn.2d 629, 632, 289 P.2d 203 (1955).

To find that the result is arbitrary and capricious the agency must have acted willfully and unreasonably, without consideration of and in disregard of the facts. *In re Buffelen Lumber & Mfg. Co.,* 32 Wn.2d 205, 209, 201 P.2d 194 (1948).

When there is room for two or more opinions as to what action should result, the action is not arbitrary or capricious if done honestly and with due consideration of the facts. *State ex rel. Ryder v. Pasco,* 3 Wn. App. 928, 930, 478 P.2d 262 (1970).

The notion of "room for two opinions" is sometimes expressed as abuse of discretion only if no reasonable person would take the view adopted by the trial court. *State v. Huelett,* 92 Wn.2d 967, 969, 603 P.2d 1258 (1979).

The petitioner's cited cases are distinguishable. In *Miller v. Pacific Cy.,* 9 Wn. App. 177, 509 P.2d 377 (1973), the court mandated the county commissioners to act in accord with their statutory duties rather than acting without authority as they had done. Likewise *Cook v. Clallam Cy.,* 27 Wn. App. 410, 618 P.2d 1030 (1980) is of no help to petitioner. There the court reversed a mandamus writ

which directed a particular act, commenting that it should have been limited to an order to exercise discretion.

Here, there is no challenge to the authority of the Board to act. There is no allegation that the Board acted improperly. The decision by the Board was clearly one of discretion. The very statutory authorization under which the Board operates mandates an exercise of discretion. It is to *consider* the standard ranges and to *attempt* to make decisions *reasonably* consistent with those ranges. Former RCW 9.95.009(2). It is plain from the statute that the Board is to exercise its discretion. It has done so in this case.

This leaves only the question, the second issue, whether there was, under any standard found in the cases, an abuse of discretion or such arbitrary and capricious action as to be the failure to exercise any discretion.

The findings of fact, prepared by petitioner, make no findings as to any proceedings or actions of the Board other than reciting the guideline range, the time served and the time to be served. These are followed by conclusions of law that (1) the reasons given by the Board are not adequate to support an exceptional sentence of 36 months and (2) that the Board abused its discretion. These conclusions are of little assistance and lead to a command of how the Board should exercise its discretion, *i.e.,* more consistent with the SRA. Obviously it contemplates a minimum term of less than 36 months.

It is apparent that the Board gave adequate reasons to justify a departure from the standard range. *In re Myers,* 105 Wn.2d 257, 714 P.2d 303 (1986). Thus, our function is to determine whether there was such an abuse of discretion or, put another way, such an arbitrary and capricious result that it necessarily reflects the failure to exercise any discretion. The Legislature, by the then applicable RCW 9.95-.009(2), has circumscribed the Board's discretion by factoring in a requirement that the Board consider the standard ranges and standards, and attempt to make decisions reasonably consistent with those ranges and stan-

dards.

We hold that the Board has done so here. It was alleged that petitioner had committed 15 separate acts which constituted violations of his parole. The member of the Board who held the revocation hearing found 12 violations. The violations included: possession of a pistol; attempting to sexually assault a female; fraudulently representing himself as an attorney; committing theft by fraudulently receiving money while representing himself as an attorney; four times leaving the state without permission; possession of a semi-automatic machine gun; writing NSF checks; and writing a check on a closed account. The Hearing Board member recited the evidence relied upon and gave her conclusions which were substantially adopted by the Board in its decisions and reasons. The violations were considered serious, constituting a series of offenses involving multiple victims and multiple episodes involving substantial amounts of losses and a high degree of sophistication and planning. Petitioner used a position of trust and confidence to facilitate the offenses. His conduct was a continuation of his prior predatory behavior. His possession of firearms creates great concern for the safety of the community.

There is no challenge to these findings and conclusions of the Board. They amply justify the decision to depart from the standard range. To set such a minimum upon these unchallenged facts is not arbitrary and capricious and thus, not an abuse of discretion.

Reversed.

THOMPSON and YENCOPAL, JJ. Pro Tem., concur.

Review denied by Supreme Court September 1, 1987.