IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 36100-4-III |
| | ) | |
| ERIC DEVIN CAIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — This appeal from the Indeterminate Sentencing Review Board

(ISRB) asks us to decide whether the ISRB may conduct a parole revocation hearing by

videoconference with the ISRB hearing officer and the offender in different rooms, if not

towns. Petitioner Eric Cain astutely contends that a videoconference hearing violates

RCW 9.95.435(4)(d) and the due process clause of the federal and state constitutions. We

decline to address these important questions because we hold that any violations of the

statute or the constitution did not prejudice Cain.

FACTS

In 2009, the Ferry County Superior Court convicted Eric Cain of first degree child

molestation and indecent exposure. Pursuant to RCW 9.94A.507, the trial court imposed

concurrent sentences of twenty months' confinement for indecent exposure and an

indeterminate sentence of ninety-six months to life on the child molestation conviction.

The court also ordered a term of community custody for any period of time Cain is

released from total confinement during his lifetime. The judgment and sentence imposed

conditions of community custody that, among other things, prohibited Cain from

unlawfully possessing or consuming controlled substances, demanded that he submit to

random urinalysis and blood alcohol content testing as directed by his community custody

officer, required him to perform affirmative acts as required by Department of

Corrections (DOC) to confirm compliance with the orders of the court, and required him

to abide by any additional conditions imposed by DOC.

On July 24, 2017, the ISRB released Eric Cain from confinement, at which time

Cain began living under community custody. The ISRB's release order incorporated by

reference the 2009 Ferry County Superior Court judgment and sentence and rendered the

community custody conditions found in the sentence enforceable by the review board.

The release order further demanded that Cain "abide by all conditions imposed by the

ISRB." Resp't's Suppl. Answer, Ex. 3 at 1. The order limited those conditions to

prohibitions or conduct reasonably related to the crime of conviction, risk to reoffend, and

the safety of the community.

On December 27, 2017, Eric Cain pled guilty to two violations of the community

custody conditions at a violation hearing, and he returned to prison for seven days. The

ISRB released Cain again on January 4, 2018, and reinstated Cain's community custody

with additional conditions, including a ban on the use or possession of drugs, narcotics, controlled substances, or drug paraphernalia without a valid prescription.

On February 27, 2018, the ISRB resuspended Eric Cain's community custody based on allegations he consumed methamphetamine and marijuana. Cain had failed a urinalysis by testing positive for both marijuana and methamphetamine. When confronted by his community custody officer, Cain initially denied using methamphetamine or marijuana. On February 27, Cain signed an admission of using marijuana daily and methamphetamine once.

On March 12, 2018, the ISRB issued a notice that the board would conduct a hearing by videoconference, on March 29, 2018, to address the alleged community custody violation. At Eric Cain's request, the review board appointed him counsel. During the March 29 hearing, the review board hearing officer and the assistant attorney general representing the board sat in Olympia. Cain, his attorney, community custody officer Jessica Vazquez, and sex offender treatment and assessment program specialist Shelly Minnick assembled at the Airway Heights Correctional Center.

At the outset of the March 29 hearing, Eric Cain's attorney objected to the hearing being conducted via Skype. The ISRB hearing officer overruled the objection.

During the fact-finding portion of the review board's March 29 hearing, Eric Cain pled guilty to both violations. Community custody officer Jessica Vazquez testified that, after Cain's rerelease in January 2018, he went to his mental health counselor and took his prescribed mental health medication. She complained, however, of Cain tattooing people at a stranger's home without knowing whether the residence contained drugs, alcohol, or minors. Vazquez averred that Cain lost his current and previous transitional housing placement due to his behavior. Specialist Shelly Minnick testified that when she spoke to an agitated Cain following his arrest, he admitted to using marijuana but contradicted himself as to the amount of use. According to Minnick, Cain also complained of others enticing him to violate his community custody conditions.

During the March 29 ISRB videoconference hearing, Eric Cain read from a letter that he composed to the review board, in which letter he took responsibility for his actions and acknowledged that he should have employed available support to prevent his use of controlled substances. Cain claimed he used a vape device from a stranger at a bus stop and that use of the device caused the positive drug test.

During the dispositional phase of the March 29 hearing, community custody officer Jessica Vazquez recommended revocation of community custody in part because of Eric Cain's lack of housing. The assistant attorney general agreed with the

4

recommendation, but indicated an openness to rerelease if Cain found housing. Cain

responded that he would gain employment if released, and he possessed money for rent.

He added that he might rent a house with a friend or temporarily reside at the Union

Gospel Mission. Cain's attorney argued that the review board should grant Cain another

chance and reinstate his community custody.

The ISRB hearing officer observed that the End of Sentence Review Committee

rated Eric Cain as a level three risk for repeating a sexual offense. The officer also noted

that Cain faced another community custody violation hearing only three months earlier,

after which the review board afforded him an opportunity to return to the community.

Despite this indulgence, Cain within weeks tested positive for methamphetamine and

marijuana. In turn, the use of controlled substances increased the odds that Cain would

engage in a sexual crime. The hearing officer lamented that Cain, despite multiple

interventions, minimized his behavior and hid information from his community custody

officer and treatment providers. The officer concluded that Cain endangered the

community and, therefore, revoked his community custody.

## PROCEDURE

On June 15, 2018, Eric Cain filed this personal restraint petition with this court, by

which he challenges the ISRB decision to revoke his community custody. Cain argues

that a videoconference hearing, after which the review board revoked his community custody, violated his due process rights. Because of the novelty of the issue raised by this personal restraint petition, the court appointed counsel for Cain.

The court has since asked the parties to address whether a videoconference hearing violated Eric Cain's rights under RCW 9.95.435. RCW 9.95.435(4)(d), a subsection of the statute that governs revocation of community custody, declares, in part:

> The offender shall have the right to: (i) *Be present at the hearing*; (ii) have the assistance of a person qualified to assist the offender in the hearing, appointed by the presiding hearing officer if the offender has a language or communications barrier; (iii) testify or remain silent; (iv) call witnesses and present documentary evidence; (v) question witnesses who appear and testify; and (vi) be represented by counsel if revocation of the release to community custody upon a finding of violation is a probable sanction for the violation. . . .

(Emphasis added.) We also asked the parties to address whether a lack of prejudice excused any violation of RCW 9.95.435. Both parties provided excellent briefing with regard to whether a videoconference violates the statutory provision affording the offender the right to be "present" at the hearing. We now decline to address whether the State violated either or both RCW 9.95.435 and the due process clause. We affirm the ISRB's revocation of parole based on a lack of prejudice to Eric Cain of any violation of the statute or the constitution.

ANALYSIS

Prejudice from Videoconference Hearing

A violation of the due process right to be present is subject to harmless error analysis. *State v. Irby*, 170 Wn.2d 874, 885, 246 P.3d 796 (2011); *In re Pers. Restraint of Benn*, 134 Wn.2d 868, 921, 952 P.2d 116 (1998). Generally, the State bears the burden to prove harmlessness, and it must do so beyond a reasonable doubt. *State v. Caliguri*, 99 Wn.2d 501, 509, 664 P.2d 466 (1983).

When a statutory violation occurs, the stringent standard of proving "harmless error beyond a reasonable doubt" used for constitutional violations is inapplicable. *State v. Nist*, 77 Wn.2d 227, 461 P.2d 322 (1969). In such cases, the court applies the rule that "error is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980).

When claiming prejudice, Eric Cain asserts an inability to fully allocute to the ISRB hearing member because of his lack of physical presence in front of the member. He also complains of the potential for interference of visual nuances of demeanor and the inability of the board member and him to observe in real-time versus delayed time.

Under either a statutory or a constitutional standard for prejudice, we find no prejudice to Eric Cain. We emphasize that Cain attended the parole revocation hearing in the same location as his attorney. He pled guilty to the violations. Both Cain and his attorney argued why Cain should be given another chance and rereleased into community custody. The board member's hearing findings demonstrate that he considered the argument of Cain and his counsel when making his decision to revoke the community custody. Cain presents no evidence and provides no explanation as to how his argument or that of counsel would have differed had he physically appeared in front of the board member. The record does not suggest that the hearing officer would have imposed a lesser sanction had Mr. Cain appeared in person.

Eric Cain does not contend use of the videoconference created any difficulty in hearing or seeing witnesses and the hearing officer. He does not contend that the technology failed during any portion of the hearing.

We also question whether Eric Cain may assert the due process clause under the circumstances that he pled guilty to both charged violations. In *Morrissey v. Brewer*, 408 U.S. 471, 490, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the United States Supreme Court recognized that, in a revocation hearing, if the petitioner admitted parole violations to the parole board and if those violations are found to be reasonable grounds for revoking

8

parole under state standards, that would end the matter. Cain admitted to consuming methamphetamine and marijuana in violation of his community custody and such violations could be found to be reasonable grounds for revoking parole.

Ineffective Assistance of Counsel

Eric Cain also contends that his ISRB hearing counsel provided ineffective assistance because Cain could not talk privately with counsel since the hearing officer and prosecutor listened to every word through the video screen. He also laments that his counsel could not gauge the emotional interactions and mood of the hearing officer effectively to determine when and how to intervene on his or her client's behalf. We disagree that the videoconference hearing implicated the right to counsel.

Assuming the Sixth Amendment to the United States Constitution right to counsel applies to community custody violation hearings, the ISRB's actions cannot be the basis for an ineffectiveness claim. The Sixth Amendment right to effective assistance of counsel applies to counsel's performance, not the action of third parties. *State v. Greiff*, 141 Wn.2d 910, 925, 10 P.3d 390 (2000). Eric Cain complains about restrictions on his counsel imposed by the ISRB, not his counsel's performance in the confines of these restrictions. He does not contend that his counsel committed any errors. To the extent

Cain claims the ISRB imposed conditions on counsel, under which he or she could not perform effectively, his contention falls under the rubric of due process.

### Additional Terms of Community Custody

Finally, Eric Cain contends the DOC violated his due process rights by imposing additional terms and conditions of community custody. He objects to broadened conditions prohibiting the use or possession of drugs, narcotics, mood-altering substances, and drug paraphernalia. We disagree.

The superior court sentenced Eric Cain under RCW 9.94A.507. This statute governs the sentencing of offenders convicted of sex-related offenses, including first degree child molestation. RCW 9.94A.507(1)(a)(i). The statute requires the courts to sentence sex offenders to community custody, under the supervision of the DOC and the authority of the ISRB, for "any period of time the person is released from total confinement before the expiration of the maximum sentence." RCW 9.94A.507(5). A defendant sentenced pursuant to this statute must comply with any conditions imposed by the ISRB under RCW 9.95.420 through RCW 9.95.435. RCW 9.94A.507(6)(a). The statute further provides that an offender released by the ISRB under RCW 9.95.420 is subject to the supervision of the DOC until the expiration of the maximum term of the sentence. RCW 9.94A.507(6)(b). The DOC must monitor the offender's compliance

10

with conditions of community custody imposed by the court, DOC, or the review board, and promptly report any violations.

Any violation of conditions of community custody established or modified by the ISRB are subject to the provisions of RCW 9.95.425 through RCW 9.95.440. RCW 9.94A.507(6)(b). RCW 9.95.420(2) requires the board to impose the conditions and instructions provided for in RCW 9.94A.704 and authorizes the board to impose or modify conditions of community custody following notice to the offender, including conditions beyond those ordered by the sentencing court.

We review ISRB decisions, other than those regarding minimum term determinations, for an abuse of discretion. *In re Personal Restraint of Whitesel*, 111 Wn.2d 621, 628, 763 P.2d 199 (1988); *In re Personal Restraint of Myers*, 105 Wn.2d 257, 264, 714 P.2d 303 (1986). The ISRB abuses its discretion when it fails to follow its own procedural rules or acts without consideration of and in disregard of the facts. *In re Personal Restraint of Addleman*, 151 Wn.2d 769, 776-77, 92 P.3d 221 (2004). A reviewing court must find the ISRB acted willfully and unreasonably in order to find a parole revocation arbitrary and capricious. *Ben-Neth v. Indeterminate Sentence Review Board*, 49 Wn. App. 39, 42, 740 P.2d 855 (1987).

We hold that the ISRB did not abuse its discretion. Contrary to Eric Cain's contention, his superior court judgment and sentence included conditions prohibiting him from unlawfully possessing controlled substances, requiring him to perform affirmative acts as required by the DOC, and abiding by any additional conditions. The appendix to the judgment and sentence included mandatory conditions prohibiting consumption and possession of controlled substances and a condition to submit to random urinalysis and blood alcohol content testing as directed by his community custody officer. Cain's presentence investigation report read that he suffered a lengthy history of addiction to drugs and alcohol.

The ISRB relied on Eric Cain's entire board file, DOC information, and the End of Sentence Review Committee's report. The file included police reports from previous offenses, two of which contain information that Cain was under the influence of drugs or alcohol during the offense. His history established that he risked reoffending by use of controlled substances. His first violation of community custody entailed the use of mind-altering substances.

12

No. 36100-4-III
*In re Pers. Restraint of Cain*

CONCLUSION

We dismiss Eric Cain's personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
                                              Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

13